McGREGOR W. SCOTT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00159-MCE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| TIMOTHY CHARLES WILSON, AND FRANCISCO GOMEZ-SANCHEZ, | DATE: May 7, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

This case is set for a status conference on May 7, 2020. Additionally, a change of plea is currently set for Mr. Gomez-Sanchez on April 20, 2020. By this stipulation and proposed order, the parties request to vacate the April 20 change of plea and continue the status conference to June 11, 2020.

On March 16, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.*

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1    at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
2    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
3    or in writing").

4        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
5    and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances
6    are excludable only if "the judge granted such continuance on the basis of his findings that the ends of
7    justice served by taking such action outweigh the best interest of the public and the defendant in a
8    speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets
9    forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice
10   served by the granting of such continuance outweigh the best interests of the public and the defendant in
11   a speedy trial." *Id.*

12       The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
13   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
14   natural disasters, or other emergencies, this Court has discretion to order a continuance in such
15   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
16   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
17   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
18   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
19   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
20   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

21       In light of the societal context created by the foregoing, this Court should consider the following
22   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
23   justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date
24   for the [event].  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial
25   continuance must be "specifically limited in time").

26                           **STIPULATION**

27       Plaintiff United States of America, by and through its counsel of record, and defendant, by and
28   through defendant's counsel of record, hereby stipulate as follows:

STIPULATION REGARDING EXCLUDABLE TIME     2
PERIODS UNDER SPEEDY TRIAL ACT

1. By previous order, this matter was set for status conference on April 16, 2020. On March 23, 2020, the Court continued the case to May 7, 2020 on its own motion, citing the interest of public health and safety. Additionally, a change of plea hearing is currently scheduled for Mr. Gomez-Sanchez on April 20, 2020.

2. By this stipulation, defendant Gomez-Sanchez now moves to vacate the change of plea currently set for April 20, 2020, and both defendants move to continue the status conference until June 11, 2020, and to exclude time between April 16, 2020, and June 11, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case exceeds 100 gigabytes, including multiple investigative reports, hundreds of surveillance pictures, recorded statements of the defendants, jail calls, vehicle tracking data, approximately 15 forensic cellular phone extractions. Additionally, much of this discovery is in Spanish and other languages. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendants desire additional time to consult with their clients, review this discovery, discuss potential resolutions with their clients, and otherwise prepare for trial.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the hearing involves individuals with high-risk factors such as age and medical conditions, counsel have been encouraged to telework and minimized contact to the greatest extent possible, and it would be difficult to avoid personal contact should the hearing proceed.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 7, 2020 to June 11, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 13, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ ADRIAN T. KINSELLA
ADRIAN T. KINSELLA
Assistant United States Attorney

Dated:  April 13, 2020

/s/ SHARI G. RUSK
SHARI G. RUSK
Counsel for Defendant
TIMOTHY CHARLES WILSON
(as authorized on April 13, 2020)

Dated:  April 13, 2020

/s/ Dina L. Santos
DINA L. SANTOS
Counsel for Defendant
FRANCISCO GOMEZ-SANCHEZ
(as authorized on April 13, 2020)

IT IS SO ORDERED.

Dated:  April 16, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

4