PHILLIP A. TALBERT
Acting United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>          v.<br><br>TIMOTHY CHARLES WILSON,<br><br>               Defendant. | CASE NO.  2:19-CR-00159-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: November 4, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

This case is set for a status hearing on November 4, 2021.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

2  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

3  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5  findings on the record "either orally or in writing").

6        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

12  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24        In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

27

28      [2] The parties note that General Order 612 acknowledges that a district judge may make
"additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
Cal. March 18, 2020).

1  for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2  continuance must be "specifically limited in time").

3                                          **STIPULATION**

4         Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6         1.       By previous order, this matter was set for status hearing on November 4, 2021.

7         2.       By this stipulation, the defendant now moves to continue this hearing to January 13, 2022

8  and to exclude time between November 4, 2021, and January 13, 2022, under 18 U.S.C.

9  § 3161(h)(7)(A), B(iv) [Local Code T4].  On January 13, 2022, the parties expect to conduct either a

10  change of plea hearing or to set the matter for trial.

11        3.       The parties agree and stipulate, and request that the Court find the following:

12               a)       The government has represented that the discovery associated with this case

13  exceeds 100 gigabytes, including multiple investigative reports, hundreds of surveillance

14  pictures, recorded statements of the defendants, jail calls, vehicle tracking data, approximately 15

15  forensic cellular phone extractions.  Additionally, much of this discovery is in Spanish and other

16  languages.  All of this discovery has been either produced directly to counsel and/or made

17  available for inspection and copying.

18               b)       Counsel for Mr. Wilson desires additional time to gather medical history

19  documents, continue her investigation, interview witnesses, consult with her client, review the

20  discovery, discuss potential resolutions with her client, and otherwise prepare for trial.  Further,

21  according to Counsel for Mr. Wilson, her client recently underwent a significant surgery and

22  needs time to recover.

23               c)       Counsel for Mr. Wilson believes that failure to grant the above-requested

24  continuance would deny her the reasonable time necessary for effective preparation, taking into

25  account the exercise of due diligence.

26               d)       The government does not object to the continuance.

27               e)       In addition to the public health concerns cited by the General Orders and

28  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

1    ends-of-justice delay is particularly apt in this case because the hearing involves individuals with

2    high-risk factors such as age and medical conditions.

3         f)      Based on the above-stated findings, the ends of justice served by continuing the

4    case as requested outweigh the interest of the public and the defendant in a trial within the

5    original date prescribed by the Speedy Trial Act.

6         g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

7    et seq., within which trial must commence, the time period of November 4, 2021 to January 13,

8    2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

9    T4] because it results from a continuance granted by the Court at defendant's request on the basis

10   of the Court's finding that the ends of justice served by taking such action outweigh the best

11   interest of the public and the defendant in a speedy trial.

12   //

13

14   //

15

16   //

17

18   //

19

20   //

21

22   //

23

24   //

25

26   //

27

28   //

1

2        4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the

3 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

4 must commence.

5       IT IS SO STIPULATED.

6

7 Dated:  November 2, 2021                   PHILLIP A. TALBERT
                                 Acting United States Attorney

8

9                                 /s/ ADRIAN T. KINSELLA

10                                ADRIAN T. KINSELLA
                                Assistant United States Attorney

11

12 Dated:  November 2, 2021                   /s/ SHARI RUSK

13                                SHARI RUSK

14                                Counsel for Defendant
                                TIMOTHY CHARLES WILSON

15                                (as authorized on Nov 2, 2021)

16

17

18 Dated:  November 5, 2021

19

20                                MORRISON C. ENGLAND, JR.
                                SENIOR UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28